**KANSAS CITY FIRE AND MARINE INSURANCE COMPANY, Appellant,**

v.

**William N. KEITH, Appellee.**

**No. 18387.**

United States Court of Appeals
Fifth Circuit.

Dec. 19, 1960.

Cornelius G. Van Dalen and Christopher Tompkins, New Orleans, La., Deutsch, Kerrigan & Stiles, New Orleans, La., of counsel, for appellant.

Gibson Tucker, Jr. and Tucker & Schonekas, New Orleans, La., for appellee.

Before TUTTLE, Chief Judge, and BROWN and WISDOM, Circuit Judges.

PER CURIAM.

After a jury trial in which the jury found against the Underwriter's contention that the total loss of the Gayle, a converted mine sweeper operating as a tuna vessel, resulted from basic unseaworthiness rather than an insured peril, the appeal is now narrowed to the asserted error in not submitting to the jury the question of the amount of insurance. The insurance was effected by a binder for AIT (Hulls) coverage, excluding Inchmaree clause, which stated:

"Amount of Insurance $60,000 Hull, so valued."

As a valued policy this was the measure of liability for a total loss. The Underwriter contended, however, that this amount of $60,000 was reduced to not more than $45,000 because the binder also stated:

"Subject to change in Amount of Insurance upon receipt of Surveyor's written report by Underwriters."

The Underwriter's surveyor thereafter made a report which put the value at $45,000 plus $10,000 for specialized fishing gear. But before this report was prepared, transmitted or received the total loss occurred.

We think the trial court was eminently correct in determining that if the jury returned a verdict for the assured plaintiff, judgment should be entered for $60,000. The words of the binder are clear. To "change" is to make different. To make different contemplates some affirmative action. The Underwriter was bound for $60,000 until such time as it exercised its right to *change* the amount after receipt of a surveyor's report indicating a lower value. Since the Hull was valued at $60,000, it does not matter whether specialized fishing gear was or was not within the meaning of that term or the expanded delineation found in the standard AIT (Hulls) form. The hull, even when limited strictly to the technical definition contended for by the Underwriter, was lost. On its loss the Underwriter bound itself to pay $60,000.

That is what the Judge held.

Affirmed.